[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14511
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 10, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00254-CR-4-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS FERNANDO ANDARADE,
a.k.a. Jose Ramirez Cruz,
a.k.a. Fernando,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 10, 2006)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Luis Fernando Andrade appeals his 168-month sentence, which was imposed after he pled guilty to conspiracy to possess with intent to distribute at

least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), (viii); and possession with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(A)(ii). On appeal, Andrade argues that the district court erred by sentencing him under a mandatory Sentencing Guidelines scheme, in violation of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d. 621 (2005). After careful review, we affirm.

Because Andrade did not object to the district court's application of the Guidelines as mandatory, we review his claim only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). We may not correct an error that the defendant failed to raise in the district court "unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights," and then "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005).

We have explained there are two types of error under Booker: (1) Sixth Amendment error based upon sentencing enhancements in a mandatory Guidelines system neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. See Shelton, 400 F.3d 1325, 1329-30 (11th Cir.

2

2005). Andrade's argument asserts the latter type of error. He contends the district court believed the Guidelines were mandatory when it imposed his sentence. We disagree.

At sentencing, Andrade faced a Guidelines ranges of 168 to 210 months' imprisonment, based on an adjusted offense level of 35 and a criminal history category I. During the sentencing hearing, Andrade expressly informed the district court of the discretionary nature of the Guidelines when he asked for a downward departure. He said: "And so we ask the Court, as we understand the Guidelines now or the sentencings, the Court is not bound by the Guidelines but they are advisory and we would ask the Court to sentence Mr. Andrade in view of the fact that it is really his first felony conviction and we would ask the Court to take that into consideration." The district court denied Andrade's request for a downward departure, stating: "although the Court can downwardly depart for the reasons stated by the defendant, the Court will not do so, as this case does not fall outside the heartland of other such cases."

Based on our review of the sentencing hearing, it is plain the district court knew about Booker and that the Guidelines were advisory when it imposed Andrade's sentence. Indeed, our conclusion is based on Andrade's own argument at the sentencing hearing, when, in support of a downward departure, he

highlighted that the Guidelines were advisory in nature. Moreover, in imposing sentence, the district court expressly acknowledged that it had the ability to depart "for the reasons stated by the defendant." On this record, we can find no error and, accordingly, Andrade has not met his burden on the first prong of the plain-error test.[1] Accordingly, we affirm.

     **AFFIRMED.**

---

[1]Even giving Andrade the benefit of the doubt on the first two prongs of the plain-error test, Andrade does not suggest how his sentence was effected by the Booker error he asserts. On the third prong, the defendant bears the burden of persuasion to establish prejudice. Rodriguez, 398 F.3d at 1299. Thus, even if we were to find error and that it was plain, Andrade would not meet his burden of establishing prejudice on the third prong. Rodriguez, 398 F.3d at 1301 ( "[W]here the effect of an error on the result in the district court is uncertain or indeterminate -- where we would have to speculate -- the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected") .